No. 703

GILDEHAUS CO. v. JOHN HANCOCK LIFE INS. CO.

Superior Court of Cincinnati

No. 59100. Decided July 7, 1925

647. INSURANCE—1. Where check is paid to policy beneficiary prior to notice of garnishment upon Insurance Co., its debt to beneficiary is extinguished and company does not possess control over his funds.

2. Company not compelled to pay same debt twice.

MARX, J.

The Henry Gildehaus Co. brought an action in the Cincinnati Municipal Court against Wilford Akin for the recovery of funeral expenses, and served a notice of garnishment on the John Hancock Mutual Life Insurance Co. directing it to hold all money in its possession and due Akin. This notice was served May 8, 1924 at 10:30 A. M.. On the same morning between 8:30 and 9:30 the Insurance Co. delivered to Akin its check for $181 payable at the Second National Bank of Cincinnati. This check was cashed at the First National Bank of Madisonville prior to 10:30 A. M.

Upon being served with the notice of garnishment, payment by the Second National was ordered stopped by the Insurance Co., and it filed an answer as garnishee, to the effect that it did not have in its possession any money belonging to Akin, and upon judgment in the Municipal Court being rendered in its favor, the stop order was withdrawn and the check endorsed by Akin to the Madisonville Bank was paid to said bank by the Second National.

The present action was brought against the Insurance Co., under 10276 GC., upon the ground that at the time the Insurance Co. had answered it had no money in its possession, it did have in its possession and under its control and on deposit at the Second ·Nat'l. Bank the $181. The Insurance Co. contended it had paid Akin prior to the notice of garnishment, the full amount owing him. The Superior Court held:

1. The crucial question is whether the delivery of the check of the Insurance Co. to Akin constituted a payment of the indebtedness owing to him by the Insurance Co.

2. Prior to notice of garnishment the check had been drawn, delivered to Akin, accepted by him, endorsed by him as payment of money due him, and delivered for face value thereof to the Madisonville Bank.

3. The ordering of payment to be stopped was not a dishonoring of the check but was a proper precaution under the circumstances.

4. Delivery and acceptance of the check was an absolute payment of the debt owing by the Insurance Co. to Akin, at time of indorsement and when cashed.

5. Hence, at the time of the subsequent garnishment, the Insurance Co. was no longer indebted to Akin having paid its debt and having no funds in its possession or control owing to Akin. Judgment in favor of Insurance Co.

Attorneys—Burch & Peters and S. Geisner for Gildehaus; Mallon & Vordenberg for Insurance Co.; all of Cincinnati.